# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-622
Lower Tribunal No. 13-12201
_____

**The State of Florida, Department of Revenue, etc.,**
Appellant,

vs.

**Farouto Augustin,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Arthur L. Rothenberg, Senior Judge.

Pamela Jo Bondi, Attorney General, and Carrie R. McNair, Assistant Attorney General (Tallahassee), for appellant.

Farouto Augustin, in proper person.

Before ROTHENBERG, C.J., and SUAREZ and LOGUE, JJ.

LOGUE, J.

The Florida Department of Revenue appeals a trial court order granting Farouto Augustin's petition to disestablish paternity and terminate child support obligation as to the minor child. Because the trial court failed to make the requisite findings under section 742.18(2), Florida Statutes (2015), we reverse.

In 2013, the trial court determined Augustin's paternity to the child, Farouto Augustin, Jr., (born 11/15/2006) as a matter of law under section 742.10, Florida Statutes. In August 2015, Augustin filed a petition to disestablish paternity under section 742.18. The petition alleged that a 2009 DNA test was newly discovered evidence relating to the paternity of the child. It further alleged that "there is a 99.1% probability of paternity, indicating that the petitioner cannot be the father of the child for whom support is required." A copy of the results were not attached to the petition and the trial court never received the results in evidence.

Following a hearing, the trial court granted Augustin's petition to disestablish paternity. In its written order the trial court found that Augustin "testified that he had been aware that [the child] . . . was not his child since 2009. [Augustin] testified that the Obligee agrees that he is not the father. [Augustin] testified that [the child] lives with his real mother and father." This appeal followed.

Section 742.18, Florida Statutes "establishes circumstances under which a male may disestablish paternity or terminate a child support obligation" when he

2

receives "newly discovered evidence" demonstrating that he is not the biological father of the child. §742.18(1). To grant relief under section 742.18(2), a trial court must find that seven factors enumerated in the statute are met. §742.18(2)(a)-(g). Among these factors, a trial court must determine that "newly discovered evidence relating to the paternity of the child has come to the petitioner's knowledge since the initial paternity determination," and that a scientific test to show a probability of paternity "was properly conducted." §742.18(2)(a)-(b).

Here the trial court failed to make the requisite findings on these points and the record indicates these factors were not established. Thus, Augustin did not meet his statutory burden of proving the factors set forth in section 742.18(2)(a)-(g). Accordingly, we reverse.